IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY EDWARDS,

        Plaintiff,                No. CIV S-06-1595 MCE DAD P

    vs.

C/O HOOKS, et al.,

        Defendants.         <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Pursuant to the court's order filed July 24, 2006, and an extension of time granted on September 1, 2006, plaintiff has filed a new application to proceed in forma pauperis. The application filed on September 12, 2006 makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request for leave to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28

1 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of
2 the preceding month's income credited to plaintiff's prison trust account. These payments will
3 be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
4 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C.
5 § 1915(b)(2).

6       The court is required to screen complaints brought by prisoners seeking relief
7 against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.
8 § 1915A(a). The court must dismiss claims that are legally "frivolous or malicious," that fail to
9 state a claim upon which relief may be granted, or that seek monetary relief from a defendant
10 who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

11       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

15 42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of the
16 defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.
17 Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

18       "A person 'subjects' another to the deprivation of a constitutional right, within the
19 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
20 omits to perform an act which he is legally required to do that causes the deprivation of which
21 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory
22 personnel are generally not liable under § 1983 for the actions of their employees under a theory
23 of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the
24 causal link between him and the claimed constitutional violation must be specifically alleged.
25 Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th
26 Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, two of the named defendants are supervisory personnel:  Tom Carey, who was warden of California State Prison-Solano when plaintiff's claims arose, and D.K. Sisto, the current warden.  Defendant Sisto had no personal involvement with the events at issue, and defendant Carey has been sued on the ground that he was responsible for the actions of every employee under his authority.  Because these defendants have been sued under a theory of <u>respondeat</u> <u>superior</u>, the court will not authorize service of the complaint on them.

Plaintiff's complaint appears to state cognizable claims for relief against defendants Hooks, Kurtlin, Herrera, Young, Shockley, and Freese pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven against these defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 12, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following six defendants:  Correctional Officer Hooks, Sergeant Kurtlin, Correctional Officer Herrera, Lieutenant K. Young, T.C. Shockley, and A. Freese.

4. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an instruction sheet, and one copy of the complaint filed July 18, 2006.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed in number 3 above; and

        d. Seven true and exact photocopies of the endorsed complaint filed July 18, 2006.

    6. Plaintiff shall not attempt service of the complaint and summons on the defendants or request waivers of service of summons. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: October 13, 2006.

                                                      /s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
edwa1595.1a

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY EDWARDS,

        Plaintiff,                   No. CIV S-06-1595 MCE DAD P

    vs.

C/O HOOKS, et al.,                 NOTICE OF SUBMISSION

        Defendants.             OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____    <u>one</u> completed summons form;

        _____    <u>six</u> completed USM-285 forms; and

        _____    <u>seven</u> true and exact copies of the complaint filed July 18, 2006.

DATED: _____.

                                               _____
                                               Plaintiff